IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT COLUMBIA

KENNETH RALPH BOYD )
)
v. ) Case No. 1:23-cv-00031
)
CORECIVIC *et al.* )

**TO:** Honorable William J. Campbell, Jr., United States District Judge

R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered May 9, 2023 (Docket Entry No. 3), the Court referred this *pro se* civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is a motion to dismiss (Docket Entry No. 15) filed by Defendants CoreCivic and Amy Staggs. For the reasons set out below, the undersigned respectfully recommends that the motion be **GRANTED** and that this action be **DISMISSED**.

I. BACKGROUND[1]

Kenneth Ralph Boyd ("Plaintiff") is resident of Springfield, Tennessee and a former inmate of the Tennessee Department of Correction ("TDOC"). On May 3, 2023, he paid the filing fee and filed this *pro se* civil lawsuit against CoreCivic, Amy Staggs ("Staggs"), Randolph McCloy ("McCloy"), and the TDOC. *See* Complaint (Docket Entry No. 1). CoreCivic is a private corporation that has contracted with TDOC to administer correctional institutions in Tennessee. Staggs and McCloy are both current or former employees at the South Central

---

[1] The background facts are summarized from the allegations contained in Plaintiff's complaint.

Correctional Facility ("SCCF"), a facility administered by CoreCivic and a facility at which Plaintiff was housed while a TDOC inmate.

Plaintiff asserts that he was released from incarceration on August 13, 2021, but contends that he should have been released on parole approximately three years prior to that date. He alleges that Staggs and McCloy both made incorrect and false "risk and needs assessments" of him while he was incarcerated, and that this false and incorrect information was relied on by the parole board at his parole hearings and negatively impacted his ability to gain release on parole. Plaintiff further contends that the false and incorrect information also prevented him from being able to participate in prison treatment programs, which also negatively impacted his ability to gain release on parole. He alleges that his Fourteenth Amendment Due Process and Equal Protection rights were violated by the actions of Staggs and McCloy because he was denied a fair parole hearing and because he should have been released on parole in October 2018 if correct information had been provided to the parole board. Plaintiff seeks compensatory damages for each year that he remained incarcerated after October 2018 and seeks punitive damages. *Id*. at 4.

Plaintiff initially failed to have summons issued in the case and his motions for entry of default were denied by the Court. *See* Order entered September 8, 2023 (Docket Entry No. 8). Plaintiff subsequently had summons issued and attempted to serve process upon Defendants, but it is not clear from the record that Defendants TDOC and McCloy have been served with process and only Defendants CoreCivic and Staggs (hereinafter collectively referred to as "Defendants") have responded to the lawsuit. In lieu of filing an answer, Defendants filed the pending motion

to dismiss. The Court reserved entry of a scheduling order until resolution of the motion to dismiss.

## II. MOTION TO DISMISS AND RESPONSE

Defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They raise several arguments for dismissal: (1) Plaintiff failed to exhaust state court remedies; (2) Plaintiff's lawsuit was not timely filed and is barred by the applicable statute of limitations; (3) Defendants did not possess the authority to grant parole release to Plaintiff; (4) Plaintiff had no constitutional right to parole release; (5) Plaintiff's claims are barred by *res judicata* because a previous lawsuit that he filed concerning the actions of Staggs and the denial of parole release, *Boyd v. Staggs,* No. 1:19-cv-00007, was dismissed; (6) Plaintiff has not pled facts supporting a claim against CoreCivic; and, (7) Plaintiff fails to set out factual allegations against Defendant McCloy. *See* Memorandum in Support (Docket Entry No. 16).

In response to the motion, Plaintiff presents rebuttal arguments and attaches to his motion additional documents in support of his claims. *See* Docket Entry Nos. 18 and 19. Much like his complaint, his response sets out the reasons why he believes that Staggs and McCloy made incorrect assessments of his risk and needs, why the parole board did not have accurate information when they made decisions regarding his parole, and why he was denied a fair parole hearing. *Id*.

In reply, Defendants argue that Plaintiff improperly relies on documents that are outside the pleadings and that nothing raised by Plaintiff in his response requires the denial of their motion to dismiss. *See* Reply (Docket Entry No. 20).

3

Case 1:23-cv-00031  Document 21  Filed 03/11/24  Page 3 of 7 PageID #: 117

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to afford his complaint some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide more than a sheer possibility that a defendant has acted unlawfully. *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### IV. ANALYSIS

The motion to dismiss should be granted because Defendants have raised a valid statute of limitations defense. It is clear from the face of Plaintiff's own complaint that he has not pursued his lawsuit in a timely manner.

Although Plaintiff does not state in his complaint that his lawsuit is brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), that is the statutory vehicle for seeking a remedy for the

4

violation of federal constitutional rights by a state actor. *See Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). Because Plaintiff alleges that his Fourteenth Amendment rights were violated, the Court construes Plaintiff's lawsuit as asserting claims under Section 1983. *See Wooten v. Bates*, 101 F.App'x 14, 16 (6th Cir. 2004) ("It is not improper for a district court to construe a complaint alleging a constitutional violation by a state official as arising under 42 U.S.C. § 1983 even if that statute is not specifically cited in the pleading.").

The law requires that claims be brought in a timely manner. The statute of limitations for Section 1983 claims that arise in Tennessee is the one-year limitations period set out in Tenn. Code Ann. ' 28-3-104(a)(1)(B). *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Although the duration of the applicable statute of limitations is governed by state law, the question of when the limitations period begins to run is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Eidson v. State of Tennessee Dept of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Generally, a limitations period begins to run when a plaintiff knows or should have known of the injury that forms the basis of the claim. *Eidson*, 510 F.3d at 635; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). Alternatively, the Sixth Circuit has suggested that the limitations period for a Section 1983 claim beings to run when the plaintiff has a complete and present cause of action that can be raised in court. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1162 (6th Cir. 2021). Generally, courts determine the accrual date of a claim by asking "what event should have alerted the typical lay person to protect his or her rights." *Roberson*, 399 F.3d at 794 (quoting *Hughes v. Vanderbilt Univ.,* 215 F.3d 543, 548 (6th Cir. 2000)).

5

Case 1:23-cv-00031 Document 21 Filed 03/11/24 Page 5 of 7 PageID #: 119

In the instant case, Plaintiff waited too long to bring this lawsuit. Plaintiff was released from TDOC incarceration on August 13, 2021. At the very latest, Plaintiff was clearly aware by this date of the factual basis for a claim that was he wrongfully incarcerated in violation of his constitutional rights because he had been kept in prison past the date when he should have been released. Plaintiff had one year from this release date within which to bring the claims that he now seeks to litigate in this lawsuit. However, Plaintiff did not file the instant lawsuit until May 2023, well past the one-year time period. Plaintiff's claim against Defendants is therefore untimely and is barred by the statute of limitations.[2]

Given that the face of the complaint makes clear that the lawsuit was not timely filed, it is incumbent on Plaintiff to come forward with an argument or explanation for why his lawsuit should be viewed as timely filed in response to the statute of limitations defense being raised by Defendants. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008). Plaintiff has not done so. Plaintiff's only argument against the application of the statute of limitations is that a seven-year statute of limitations applies to federal civil rights claims. *See* Response at 5. This is simply incorrect. As already discussed, the statute of limitations for Plaintiff's claims is one year. *See Roberson*, *supra*. Plaintiff offers no legal support for his argument that a seven-year limitations period applies.

---

[2] Although the Court finds that the lawsuit is untimely even if the limitations is triggered on the latter date of Plaintiff's ultimate release from incarceration, his claims likely accrued on a date prior to his ultimate release from incarceration. *See Williams v. Davidson Cnty. Sheriff's Off.*, 2013 WL 4084235, at *3 (M.D.Tenn. Aug. 13, 2013) (Trauger, J.) (the prisoner plaintiff's cause of action accrued on the first day on which he knew that he was being held past the day he was supposed to have been released); *Acree v. Metro. Gov't of Nashville & Davidson Cnty.*, 2012 WL 2072760, at *3 (M.D.Tenn. June 8, 2012) (Sharp, J.) (holding that that the plaintiff's false-imprisonment claim accrued, and the statute of limitations began to run, when the plaintiff knew that he was being held longer than he should have been).

Because the Court finds that the statute of limitations defense raised by Defendants is a conclusive defense to this lawsuit, it is unnecessary to address Defendants' alternative arguments for dismissal. Because the face of Plaintiff's own complaint plainly demonstrates the untimeliness of his lawsuit, the Court has not reviewed any documents that are outside the complaint in reaching this conclusion.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss filed by Defendants CoreCivic and Amy Staggs (Docket Entry No. 15) be **GRANTED** and that this lawsuit be **DISMISSED WITH PREJUDICE** as to all claims and all Defendants.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

7

Case 1:23-cv-00031   Document 21   Filed 03/11/24   Page 7 of 7 PageID #: 121